IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| PORTIA R. TONEY, ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| v. ) | |
| ) | |
| ALABAMA A & M UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, Portia R. Toney (hereinafter Ms. "Toney" or "Plaintiff"), and hereby files this Complaint against Alabama A & M University (hereinafter "AAMU" or "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. This is an action alleging disability discrimination in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq. and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. (§ 504) to redress the deprivation of Plaintiff's statutory and constitutionally protected rights. M. Portia R. Toney is a qualified individual with a disability who has been denied accommodations and equal opportunities, benefits and services in her employment on a continued basis. Plaintiff is entitled to damages under Title II and § 504.

1

2. This Court has jurisdiction in accordance with 28 U.S.C. § 1331, 28 U.S.C. § 2201, 2202, 29 U.S.C. § 794a, and 42 U.S.C. § 12133. The unlawful practices alleged herein were committed by Defendant in Madison County in the state of Alabama; thus, venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## CONDITIONS PRECEDENT TO SUIT

3. Title II of the ADA and Section 504 of the Rehabilitation Act do not require the exhaustion of administrative remedies. The Plaintiff's claims under these statutes are subject to a two-year statute of limitations.[1]

## PARTIES

4. Ms. Toney is an African American female citizen of the United States of America, is a resident-citizen of the state of Alabama, and is over the age of 19. At all times relevant to this action, Ms. Toney was employed by Defendant.

5. Defendant Alabama A&M University is an employer in Madison County, Alabama and because it is a recipient of federal funding is subject to suit under Title II of the ADA and § 504.[2]

---

[1] *Horsley v. University of Alabama,* 564 F. App'x 1006, 1008 (11th Cir. 2014)(applying Ala. Code § 6-2-38(l) and its two year statute of limitations to claims under Title II of the ADA and the Rehabilitation Act); *Everett v. Cobb County Sch. Dist.,* 138 F.3d 1407, 1409 (11th Cir. 1998)(applying Georgia's two-year statute of limitations to Rehabilitation Act claims).

[2] *Bledsoe v. Palm Beach County Soil and Water Conservation Dist.,* 133 F.3d 816, 820 (11th Cir. 1998)( Title II of the ADA encompasses public employment discrimination); *Garrett v. University of Alabama at Birmingham Bd. of Trustees,* 344 F.3d 1288, 1293 (2003)( the receipt of federal funds waives Eleventh Amendment immunity to claims under section 504 of the Rehabilitation Act).

## FACTS

6. Ms. Toney began her employment with AAMU on or about January 2019 as Secretary of Residential Life & Housing, in AAMU's Department of Residential Life and Housing.

7. Around the second week of March 2020, AAMU was closed to students and faculty due to the COVID-19 pandemic. Consequently, Ms. Toney began working from home.

8. Later, it was determined that Ms. Toney's office would reopen for on-campus presence near the end of July and/or the beginning of August 2020.

9. Ms. Toney started to develop symptoms consistent with COVID-19 in early July 2020. She experienced headaches, shortness of breath, fatigue, muscle and body aches, and loss of taste. Ms. Toney tested positive for COVID-19 around July 8, 2020. Ms. Toney reported her results to Human Resources and Health Services, as directed.

10. As a result of contracting COVID-19, Ms. Toney became substantially limited in the daily life activities of working, breathing, walking, bending, thinking and concentrating.

11. Ms. Toney's physician, Dr. Michael Carter, MD, cleared Ms. Toney to return to work on-site full time by written correspondence on July 27, 2020. Ms.

Toney forwarded Dr. Carter's correspondence to Ms. Latonya Crutcher of AAMU's Human Resources Department on the same day.

12. On or about August 6, 2020, Ms. Toney's supervisor, Karla Miller (hereinafter "Miller") texted her and asked when would she be returning to work. Ms. Toney responded that she would return once the appropriate Campus Health personnel had authorized her to return to work on-site.

13. Ms. Toney received the appropriate notice form Campus Health by email on the morning of August 6. Consequently, she reported to work on-site on that afternoon.

14. Ms. Toney reported to work the next day (August 7) and worked the entire day. Toward the end of the workday, Ms. Miller notified Ms. Toney that her employment was terminated effective immediately.

15. Ms. Toney asked Ms. Miller for an explanation for her termination. Ms. Miller responded that it was above her.

16. Around the time Ms. Toney was terminated after testing positive for COVID-19, another employee in the Department of Residential Life and Housing, Mr. Terrance Chatman, was also summarily terminated after testing positive for COVID-19.

17. Mr. Chatman's information was disseminated to and discussed among employees who did not have a need to know his information. Upon information

and belief details regarding Ms. Toney's COVID-19 history was shared by AAMU with persons who should not have had access to it.

18. Ms. Toney had never been subject to any disciplinary action and had always satisfactorily performed her job duties.

19. The Department of Residential Life and Housing made it clear that persons contracting COVID-19 were regarded as disabled with an incurable contagion and not welcome, without accounting for any reasonable accommodation.

20. On or about September 10, 2020, Ms. Toney filed a charge of discrimination in the Birmingham District Office of the Equal Employment Opportunity Commission, alleging disability discrimination in violation of the ADA.

21. The EEOC mailed its Dismissal and Notice of Sue Rights on EEOC Charge number 420-420-2020-02977 to Ms. Toney on or about February 12, 2021.

## COUNT I—Title II of the ADA (Disability Discrimination)

22. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-21 above as if set forth herein verbatim.

23. Plaintiff is a person with a disability, has a history of disability and is regarded or perceived as disabled pursuant to 42 U.S.C. § 12102 and 29 U.S.C. § 706. Defendants is a public entity subject to suit in accordance with 42 U.S.C. § 12131(1) and 42 U.S.C. § 12132 as it receives federal financial assistance.

24. Upon Plaintiff's return to work after contracting COVID-19, she was summarily terminated. Despite Plaintiff's disability, with or without a reasonable accommodation, she was, and is, able to perform the essential functions of her job, within Defendant. Thus, Plaintiff meets the definition of a "qualified individual with a disability," pursuant to 42 U.S.C. § 12111.

25. Defendant treated employees with confirmed positive COVID-19 test results as lepers and summarily terminated their employment; Plaintiff was one of them.

26. Defendant has intentionally and with reckless disregard discriminated against Plaintiff due to her perceived disability and has otherwise classified, and segregated Plaintiff in a way which has adversely affected her job opportunities and status due to her perceived disability, as that term is defined by the ADAAA. 42 U.S.C. § 12112, 29 C.F.R. 1630.5.

27. Defendant has also limited Plaintiff and utilized standards, criteria and/or methods of administration which discriminated against her in job selection assignments and job classifications that have the effect of subjecting Plaintiff to discrimination prohibited by the ADA. 42 U.S.C. § 12112, 29 C.F.R. 1630.6 and 1630.7.

28. Defendant's standards, criteria and methods of administration have the effect of discriminating against the Plaintiff based on her disability; and they

6

perpetuate discrimination of others who are subject to common administrative control. Such standards, criteria and methods of administration are not job related and they are not consistent with business necessity. 29 C.F.R. 1630.7.

29. Defendant has also failed to reasonably accommodate Plaintiff and has taken adverse action against Plaintiff due to the need to make a reasonable accommodation. The reasonable accommodation would cause no undue hardship to defendants. 42 U.S.C. § 12112, 29 C.F.R. 1630.9.

30. Defendant has, too, violated the confidentiality provisions of the ADA. 29 C.F.R. 1630.13 and 1630.14 by divulging Plaintiff's confidential medical history to its employees and/or agents.

**COUNT II-The Rehabilitation Act of 1973 (Job Discrimination)**

31. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-21 above as if set forth herein verbatim.

32. Plaintiff is a person with a disability, has a history of disability and is regarded or perceived as disabled pursuant to 42 U.S.C. § 12102 and 29 U.S.C. § 706. Defendants is a public entity subject to suit in accordance with 42 U.S.C. § 12131(1) and 42 U.S.C. § 12132 as it receives federal financial assistance.

33. Upon Plaintiff's return to work after contracting COVID-19, she was summarily terminated. Despite Plaintiff's disability, with or without a reasonable accommodation, she was, and is, able to perform the essential functions of her job,

within Defendant. Thus, Plaintiff meets the definition of a "qualified individual with a disability," pursuant to 42 U.S.C. § 12111.

34. Defendant treated employees with confirmed positive COVID-19 test results as lepers and summarily terminated their employment; Plaintiff was one of them.

35. Defendant has intentionally and with reckless disregard discriminated against Plaintiff due to her perceived disability and has otherwise classified, and segregated Plaintiff in a way which has adversely affected her job opportunities and status due to her perceived disability, as that term is defined by the ADAAA. 42 U.S.C. § 12112, 29 C.F.R. 1630.5.

36. Defendant has also limited Plaintiff and utilized standards, criteria and/or methods of administration which discriminated against her in job selection assignments and job classifications that have the effect of subjecting Plaintiff to discrimination prohibited by the ADA. 42 U.S.C. § 12112, 29 C.F.R. 1630.6 and 1630.7.

37. Defendant's standards, criteria and methods of administration have the effect of discriminating against the Plaintiff based on her disability; and they perpetuate discrimination of others who are subject to common administrative control. Such standards, criteria and methods of administration are not job related and they are not consistent with business necessity. 29 C.F.R. 1630.7.

38. Defendant has also failed to reasonably accommodate Plaintiff and has taken adverse action against Plaintiff due to the need to make a reasonable accommodation. The reasonable accommodation would cause no undue hardship to defendants. 42 U.S.C. § 12112, 29 C.F.R. 1630.9.

39. Defendant has, too, violated the confidentiality provisions of the ADA. 29 C.F.R. 1630.13 and 1630.14 by divulging Plaintiff's confidential medical history to its employees and/or agents.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this honorable Court assumes jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the action taken against Plaintiff by the Defendant are violative of Plaintiff's rights as secured by the Americans with Disabilities Act, Title II, 42 U.S.C. § 12101, et seq. and the Rehabilitation Act of 1973, Section 504, 29 U.S.C. § 794.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant from continuing to violate the Americans with Disabilities Act, Title II, 42 U.S.C. § 12101, et seq. and the Rehabilitation Act of 1973, Section 504, 29 U.S.C. § 794.

3.     Enter an Order requiring Defendant to make Plaintiff whole by awarding Plaintiff (i) the position and compensation she would have had in the absence of disability discrimination; (ii) back pay; (iii) front pay; (iv) lost seniority; (v) lost benefits; (vi) nominal damages; and (vii) compensatory damages.

4.     Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

## JURY DEMAND

**Plaintiff demands a trial by struck jury on all issues so triable.**

**THE UNDERSIGNED COUNSEL REQUESTS THAT THE CLERK OF COURT DELIVER THE SUMMONS AND COMPLAINT TO DEFENDANT AT THE ADDRESS BELOW.  THE UNDERSIGNED COUNSEL HAS PROVIDED OR WILL PROVIDE THE REQUISITE MATERIALS TO EFFECTUATE VIA CERTIFIED MAIL DELIVERY WITH THE CLERK OF COURT DESIGNATED AS THE RECIPIENT OF THE RETURN SERVICE CERTIFICATE.**

## JURY DEMAND

**Plaintiff demands a trial by struck jury on all issues so triable.**

**ALL DEFENDANTS WILL BE SERVED BY PRIVATE PROCESS SERVER.**

Respectfully submitted, this **17th** day of May, 2021.

>                         */s/ Robert L. Beeman, II*
>                         Robert L. Beeman, II
>                         Attorney for Plaintiff
>                         Alabama Bar No. 1838-E63R
>                         3720 4th Avenue South

Birmingham, AL 35222
rlbsportsmgnt@att.net
205.422.9015 (P)
800.693.5150 (F)

*/s/ Roderick T. Cooks*
Roderick T. Cooks
Attorney for Plaintiff
Alabama Bar No. 5819-O78R
Winston Cooks, LLC
505 20th Street North, Suite 815
Birmingham, AL 35203
rcooks@winstoncooks.com
205.502.0970 (P)
205.278.5876 (F)

## CERTIFICATE OF SERVICE

I hereby certify a copy of the Complaint has been (or will be) arranged to be served on Defendant Alabama A & M University's counsel below.  Done this **17th** day of **May, 2021**.

*/s/Roderick T. Cooks*
Roderick T. Cooks
[ASB-5819-O78R]

**DFEFENDDANT'S ADDRESS**
Alabama A & M University
c/o Ms. Angela Debro
4900 Meridien Street N
Huntsville, AL 35811